T.C. Memo. 2013-5

UNITED STATES TAX COURT

JOHN CHONG-MAN KIM AND SEUNG HEE KIM, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8409-08.                              Filed January 9, 2013.

John E. Ellsworth, for petitioners.

H. Barton Thomas, Jr., for respondent.

MEMORANDUM OPINION

FOLEY, Judge: After concessions, the issues for decision, relating to

petitioners' 2004 and 2005 Federal income tax returns, are whether petitioners

**[*2]** underreported passthrough income attributable to Herberts Drug & Surgical

Sales Corp. and are liable for section 6662(a) accuracy-related penalties.[1]

Background

In 1996 John Chong-Man Kim incorporated, as an S corporation, Herberts

Drug & Surgical Sales Corp. (Herberts). Mr. Kim has at all relevant times been the

sole shareholder, sole officer, and president of Herberts. Herberts maintained only

informal records of its gross receipts (i.e., bank statements) and purchases[2] (i.e., a

cash disbursements journal and check stubs) and accepted customer payments in the

form of cash, credit cards, and personal checks. Mr. Kim deposited these payments

into a designated bank account and routinely discarded cash register records and

bank deposit slips.

Petitioners' joint Forms 1040, U.S. Individual Income Tax Return, and

Herberts' Forms 1120S, U.S. Income Tax Return for an S Corporation, relating to

2004 and 2005 (years in issue), were filed by Mr. Kim and prepared by Gerald Fox,

their accountant. On its 2004 Form 1120S, Herberts reported $4,126,259 of

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Purchases are a component of cost of goods sold. See Wayne Bolt & Nut Co. v. Commissioner, 93 T.C. 500, 508 n.5 (1989).

[*3] gross receipts, $3,765,590 of purchases, $99,096 of income, and $3,247 of vehicle expenses. On their 2004 Form 1040, petitioners reported $99,096 of passthrough income attributable to Herberts. Herberts, on its 2005 Form 1120S, reported $5,124,080 of gross receipts, $4,719,207 of purchases, and $133,557 of income. On their 2005 Form 1040, petitioners reported $133,557 of passthrough income attributable to Herberts.

In 2007 respondent conducted an audit of the 2004 and 2005 returns. During the audit, respondent's revenue agent performed a bank deposits analysis to reconstruct Herberts' income and compared Herberts' cash disbursements journal with the purchases reported on Herberts' Forms 1120S. On February 29, 2008, respondent sent a statutory notice of deficiency to petitioners. Respondent determined that, on its 2004 and 2005 Forms 1120S, Herberts underreported gross receipts and overstated purchases; and Herberts was not entitled to the vehicle expenses deduction claimed on its 2004 Form 1120S. Respondent further determined that, for 2004 and 2005, respectively, petitioners had $1,248,992 and $1,277,896 of income attributable to their interest in Herberts and were liable for

**[*4]** section 6662(a) accuracy-related penalties relating to both years.[3] On January 8, 2008, petitioners, while residing in New Jersey, filed their petition with the Court.

The parties stipulated the amounts of Herberts' gross receipts and purchases and that in 2004 Herberts distributed $539,757 to Mr. Kim. The parties submitted this case fully stipulated pursuant to Rule 122.

## Discussion

Respondent determined that Herberts underreported its income and petitioners, in turn, underreported passthrough income attributable to Herberts. Petitioners, however, assert that respondent determined that the amounts of underreported passthrough income were constructive distributions and contend that they had sufficient basis to shelter any distributions.

Simply put, respondent did not determine that the underreported passthrough income amounts were constructive distributions or that petitioners received taxable distributions. Petitioners' tax liabilities relating to distributions are not at issue. Indeed, respondent acknowledges that petitioners had sufficient basis to shelter the amount distributed in 2004. While basis is taken into account

---

[3]Respondent also determined that petitioners had unreported wage income relating to 2004. Petitioners concede that they underreported wage income.

[*5] for purposes of determining whether distributions are taxable, it is not taken into account with respect to the amount of Herberts' income that passes through to petitioners. See secs. 1366(a), 1367(a), 1368(a); Cameron v. Commissioner, 105 T.C. 380, 383-384 (1995) (stating that an S corporation's net income is "taxed currently to the shareholders and thereafter is generally distributed tax free"), aff'd sub nom. Broadaway v. Commissioner, 111 F.3d 593 (8th Cir. 1997). Mr. Kim, the sole shareholder, is required to take into account all of Herberts' income. See sec. 1366(a). In addition, petitioners have not met the section 274(d) substantiation requirements relating to Herberts' claimed 2004 deduction for vehicle expenses, and thus Herberts is not entitled to this deduction. See secs. 162, 274(d), 280F(d)(4), 1366(a); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Accordingly, we sustain respondent's deficiency determinations.

Respondent determined, and we agree, that petitioners substantially understated their income tax and are liable for section 6662(a) penalties. See secs. 6662(a) and (b)(2), 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioners have not, pursuant to section 6664(c)(1), established reasonable cause for the underpayments or that the returns were prepared in good faith. While the 2004 and 2005 returns were prepared by an accountant, reliance on the advice of a

**[\*6]** professional tax adviser "does not necessarily demonstrate reasonable cause and good faith." See sec. 1.6664-4(b)(1), Income Tax Regs.  Petitioners failed to establish or even assert[4] that Mr. Fox had sufficient expertise to justify reliance, that they provided him with necessary and accurate information, or that they relied in good faith on his judgment.  See sec. 6664(c)(1); Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under

Rule 155.

---

[4]The parties submitted this case fully stipulated, and petitioners failed to address in their petition or brief whether they had reasonable cause for the underpayment or acted in good faith.